IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No.: _____

BRENDEN ZENI,

*Plaintiff*,

v.

TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, NUVEEN, LLC, and NUVEEN SERVICES, LLC,

*Defendants*.

**COMPLAINT**
**(Jury Trial Demanded)**

NOW COMES Plaintiff BRENDEN ZENI ("Mr. Zeni" or "Plaintiff"), by and through undersigned counsel, complaining of Defendant TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA ("TIAA"), Defendant NUVEEN, LLC ("Nuveen"), and Defendant NUVEEN SERVICES, LLC ("Nuveen Services") (TIAA, Nuveen, and Nuveen Services are collectively referred to as the "Defendants") as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a citizen and resident of Charlotte, Mecklenburg County, North Carolina.

2. Upon information and belief, TIAA is a life insurance company organized and existing under the laws of the State of New York and is duly authorized to do business in North Carolina.

3. Upon information and belief, Nuveen is a Delaware limited liability company duly authorized to do business in North Carolina.

4. Upon information and belief, Nuveen Services is a Delaware limited liability company duly authorized to do business in North Carolina.

5. Upon information and belief, Nuveen and Nuveen Services are wholly owned subsidiaries of TIAA.

6. Jurisdiction is proper in the United States District Court pursuant to 28 U.SC. § 1332.

7. The United States District Court for the Western District of North Carolina is the proper venue to adjudicate this action.

# FACTS

8. The allegations in the foregoing paragraphs are realleged and incorporated by reference as though fully set forth herein.

9. Plaintiff is a devout and practicing Christian.

10. As a part of Plaintiff's faith, he regularly attends Christian church services with his family.

11. In or around December 2011, Plaintiff was hired by TIAA as a Business Unit Finance Manager.

12. Over the years, Plaintiff was promoted from Manager to Senior Manager to Director.

13. Upon information and believe, TIAA acquired Nuveen and Nuveen Services in or around the spring of 2014.

14. As a part of one of the promotions, TIAA assigned Plaintiff to work for Nuveen.

15. Plaintiff was compensated for the work he performed by Nuveen Services.

16. While Plaintiff was employed in various capacities by Defendants, he performed his job duties and responsibilities at or above expectations.

17. In 2020, TIAA instructed its subsidiaries, including Nuveen and Nuveen Services, and employees, including Plaintiff, to perform its employment duties and responsibilities from home.

18. From 2020 to 2022, Plaintiff performed his employment duties and responsibilities from home.

19. On or about November 15, 2021, TIAA announced that it would require all its U.S. employees, and any employees of its subsidiaries, to be fully vaccinated against COVID-19 by March 1, 2022, as a condition of continued employment (the "Vaccine Policy").

20. In short, the Vaccine Policy provides that an employee would be subject to termination if he or she is not fully vaccinated against COVID-19 by March 1, 2022.

21. On or about December 3, 2021, Plaintiff submitted a religious accommodation request (the "Religious Accommodation Request") outlining the fact that his sincerely held religious beliefs as a Christian conflict with the Vaccine Policy.

22. TIAA denied the Religious Accommodation Request.

23. On January 20, 2022, TIAA told Plaintiff that he must comply with the Vaccine Policy as a condition of continued employment.

24. In February 2022, after TIAA denied the Religious Accommodation Request, Plaintiff contacted TIAA's employee relations department to appeal the denial of the Religious Accommodation Request.

25. TIAA's employee relations department informed Plaintiff that there was no appeal process surrounding the Religious Accommodation Request.

26. Upon information and belief, other similarly situated Christian employees whose religious accommodation requests were denied received an opportunity to appeal the same.

27. Despite Plaintiff's continued refusal to comply with the Vaccine Policy, Plaintiff continued working for Defendants adequately performing all his duties and responsibilities.

28. On or about March 18, 2022, TIAA terminated Plaintiff's employment exclusively for his failure to comply with the Vaccine Policy.

29. On or about March 23, 2022, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

30. On or about March 31, 2023, the EEOC issued Plaintiff a Notice of Right to Sue Letter.

31. At the time of the filing of this Complaint, TIAA has withdrawn the Vaccine Policy effective January 1, 2023, a tacit recognition of the validity of Plaintiff's objections and requests for exemption from the Vaccine Policy, which appears to have been used as a pretext for the termination of objecting employees.

## FIRST CAUSE OF ACTION
**(Violation of 1964 Civil Rights Act *et seq*. – Wrongful Termination)**

32. The allegations in the foregoing paragraphs are realleged and incorporated by reference as though fully set forth herein.

33. Plaintiff, as a Christian, is a member of a protected class.

34. Plaintiff, as a Christian, has sincerely held religious beliefs.

35. Plaintiff suffered adverse employment action at the hands of Defendants.

36. At the time of the adverse employment action Plaintiff was performing his job duties at a level that met Defendants' legitimate expectations.

37. Upon information and belief, Plaintiff's position remains open or was otherwise filled by similarly qualified applicants outside of the protected class.

38. As a direct and/or proximate result of Defendants' actions, Plaintiff has been damaged in an amount exceeding $75,000.00.

39. Defendants' actions, as described herein and above, are violations of the 1964 Civil Rights Act *et seq*.

## SECOND CAUSE OF ACTION
### (Violation of 1964 Civil Rights Act *et seq.* – Retaliation)

40. The allegations in the foregoing paragraphs are realleged and incorporated by reference as though fully set forth herein.

41. United States public policy prohibits discrimination in employment based on religious beliefs.

42. North Carolina public policy prohibits discrimination in employment based on religious beliefs.

43. Plaintiff participated in protected opposition activity by voicing his own opinions to Defendants, by and through their employees, to bring attention to Defendants' discriminatory activities.

44. Plaintiff reasonably believed that the Vaccine Policy constituted a Title VII violation.

45. Plaintiff's Religious Accommodation Request was and remains reasonable.

46. Plaintiff's opposition to the Vaccine Policy was and remains reasonable.

47. Defendants took adverse employment action against Plaintiff by terminating Plaintiff's employment.

48. As a direct and/or proximate result of Defendants' actions, Plaintiff has suffered damages in an amount exceeding $75,000.00.

49. Defendants' actions, as described herein and above, are violations of the 1964 Civil Rights Act *et seq*.

## THIRD CAUSE OF ACTION
### (Wrongful Termination)

50. The allegations in the foregoing paragraphs are realleged and incorporated by reference as though fully set forth herein.

51. Plaintiff, by adhering to his religious beliefs that prohibit him from complying with the Vaccine Policy, participated in conduct protected by law.

52. Plaintiff, by adhering to his religious beliefs that prohibit him from complying with the Vaccine Policy, refused to participate in conduct that would violate North Carolina public policy.

53. Plaintiff's participation in conduct protected by law was a substantial factor in Defendants' decision to terminate Plaintiff's employment.

54. Plaintiff's refusal to participate in conduct that would violate North Carolina public policy was a substantial factor in Defendants' decision to terminate Plaintiff's employment.

55. As a direct and/or proximate result of Defendants' actions, Plaintiff has suffered damages in an amount exceeding $75,000.00.

WHEREFORE, Plaintiff prays unto the Court for the following relief:

1. For entry of a money judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount to be determined at trial but believed to be in excess of $75,000.00;

2. For an award of pre-judgment interest at the maximum rate allowed by law;

3. For an award of Plaintiff's reasonable attorneys fees to the maximum extent allowed by North Carolina and/or federal law;

4. For a trial by jury on all issues so triable; and

5. For such other and further relief that the Court may deem just and proper.

THIS the 28th day of June, 2023.

**TLG Law**

/s/ David G. Redding
David G. Redding
Austin A. Backus
2907 Providence Road, Suite A303
Charlotte, North Carolina 28211
T: (704) 900-2215
dredding@tlg-law.com
abackus@tlg-law.com
*Attorneys for Plaintiff*